TUTER, JACK B., JR., Associate Judge.
 

 The defendant appeals his convictions and sentences on three counts of armed sexual battery, false imprisonment, robbery, burglary while armed, and trespass after a trial by jury. He raises three issues on appeal, seeking a new trial. We find no error and affirm the convictions and sentences.
 

 The defendant worked in the maintenance department of an apartment complex and had keys to the tenants’ apartments. On the evening of July 6, 2007, while sleeping, the victim heard her dog growling and soon thereafter the sound of keys opening her front door. As she awoke, she observed a man holding a machete in her bedroom. The victim recognized the man as the defendant, a maintenance worker at her apartment complex. The defendant demanded money, zip tied the victim’s wrists and told her they were going to an ATM.
 

 The defendant then ordered the victim into the passenger seat of her car. The victim was able to free herself momentarily and fled the vehicle screaming. The defendant captured the victim, zip tied her wrists even tighter and forced her back into the car. When the victim’s car would not start, the defendant moved her to a car parked by the maintenance shop and drove her to a vacant apartment where he sexually assaulted her.
 

 The defendant then drove the victim to several locations to force her to withdraw money from an ATM. While driving, the defendant’s cell phone rang. The victim recognized the ring tone as the same tone she had heard when he had answered a call at her apartment to repair an air conditioner. At the ATM, the victim withdrew $600.00 and gave it to the defendant. Upon returning to the apartment complex, the defendant again sexually assaulted the victim. He then ordered her to shower and left the apartment whereupon he was apprehended by the police.
 

 Following a jury trial, the defendant was found guilty of three counts of armed sexual battery, false imprisonment, robbery, burglary while armed, and trespassing. The defendant raises three issues on appeal. First, was there error when the trial court denied the motion to suppress his statement? Second, did the trial court err in admitting hearsay from a detective and emergency room physician? Third, did the trial court commit error by providing
 
 *1032
 
 the jury with a transcript of the defendant’s taped statement when the statement was played in court? Finding no merit to defendant’s arguments, we affirm.
 

 The trial court denied the defendant’s motion to suppress his statement after finding the police fully informed the defendant of his rights prior to questioning. We agree the trial court properly denied the motion.
 
 See Alvarez v. State,
 
 890 So.2d 389 (Fla. 1st DCA 2004).
 

 We find no error in the admission of hearsay evidence from the detective. The trial court correctly allowed the detective to explain why the victim did not run when she was alone at the ATM machine after defense counsel opened the door by implying the victim voluntarily withdrew the money because she stood alone at the ATM machine.
 
 See Redd v. State,
 
 49 So.3d 329, 333 (Fla. 1st DCA 2010) (citing
 
 Rodriguez v. State,
 
 753 So.2d 29, 42 (Fla. 2000)).
 

 We further find no error in the court’s admission of the emergency room doctor’s testimony concerning the victim’s demeanor. That testimony did not constitute hearsay.
 
 See
 
 § 90.801, Fla. Stat. (2009).
 

 Lastly, we find no error in providing the jury with a transcript of the defendant’s taped statement, which was played at trial. The trial court properly instructed the jury to rely on the taped statement, not the transcript, and to use the transcript only as a guide.
 
 See Martinez v. State,
 
 761 So.2d 1074, 1086 (Fla.2000).
 

 Affirmed.
 

 MAY, C.J., and CONNER, J., concur.